FILED

Samuel W. Miller
273 Cedar Run Drive
Orange Park, FL 32003
Telephone: (904) 688-0192
Telephone: (202) 904-2890
sam@samuelwmiller.com

Plaintiff Pro Se

2014 SEP -2  AM 9: 49

U.......
MIDDLE DISTRICT OF FLORID
JACKSONVILLE, FLORIDA

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

| | |
|---|---|
| SAMUEL WILLIAM MILLER, | ) |
| | ) |
| Plaintiff, | ) CASE No.: 3:14-cv-1050-J-32JBT |
| | ) |
| | ) **INITIAL COMPLAINT** |
| vs. | ) |
| | ) **TITLE 28 U.S.C. §1332 - Diversity** |
| BANK OF COMMUNICATIONS COMPANY | ) |
| LTD; 1st FUNDING SOLUTIONS LLC; | ) |
| MICHAEL MORTORANO; | ) |
| and CHARLES KELCHNER, | ) |
| | ) |
| Defendant(s), | ) |
| | ) |
| | ) |

Plaintiff, Samuel William Miller, files this Complaint and complains of the named

Defendants, and each of them, jointly and severally, and for causes of action, alleges as follows:

## I.  FACTS COMMON TO ALL CAUSES OF ACTION

1.      Plaintiff, Samuel William Miller, is at all times material herein, a resident of Clay

County, Florida, located at 273 Cedar Run Drive, Orange Park, Florida, 32003, and was an

international investor in scrap metal yards, shipping companies, and iron ore mines, as an United States Citizen,

2.      Defendant, Bank of Communications Co. LTD, (hereafter "Buyers Bank") is at all times material herein, having offices located at One Exchange Plaza/55 Broadway, 31st and 32nd Floor, New York, New York, 10006-3008, also having offices located at 6/F Bank of Communications Tower, 231-235 Glouchester Road, Wanchai, Honk Kong, and is a USA non-FDIC federal-chartered wholesale banking institution

3.      Defendant, 1st Funding Solutions LLC, (hereafter "1st Funding Solutions") is at all times material herein, having offices located at 155 Park Avenue, Suite 202, Lyndhurst, New Jersey 07071, a fiduciary partner of Fremery Holdings LLC (hereafter "buyer" or "Fremery") having offices located at Room 809 North Tower Concordia Plaza, Science and Museum Road TST, Hong Kong, an active limited liability company securing financial investments into commodities, having partners of Defendant Michael Mortorano, Defendant Charles Kelchner, William Leniham, James Li, Frank Luca, Elliot Stein, and Steven Schroeder Jr.

4.      Defendant, Michael Mortorano, is at all times material herein, having offices located at 155 Park Avenue, Suite 202, Lyndhurst, New Jersey 07071, a managing member of Defendant 1st Funding Solutions, and a fiduciary partner of Fremery,

5.      Defendant, Charles Kelchner, is at all times material herein, having offices located at 155 Park Avenue, Suite 202, Lyndhurst, New Jersey 07071, a managing member of Defendant 1st Funding Solutions, and a fiduciary partner of Fremery,

6.     The Plaintiff, does allege and believe, that each of the defendants, acted with

willful intent, in bad faith therein, to violate the laws of the United States of America, to deprive

the Plaintiff of rightful payment under a payment against document Uniform Rule for Collection

522 (hereafter "URC522 D/P"), and that said defendants did cause an attempt to seize said cargo

on the high seas, then when attempt was not successful further attempted to extort money from

an third party escrow attorney and the Plaintiff.

7.     On or about December 19, 2013, the Plaintiff entered into a commercial contract

managed by Network Scrap Metal Corporation, a Delaware Corporation, having offices located

at 108 West 13th Street, Wilmington Delaware 19801, under Contract Number 1372197029, with

Fremery, (hereafter "the Contract") having a contract value of $ 1,377,000,000.00 USD, to cause

delivery of 150,000 metric tons of iron ore per month, at a monthly value of $16,200,000.00

USD from Mexico for 13 months to any sea port designated by Fremery in the country of China,

with specific payment conditions that documents would be paid 100 percent at sight under a

URC522 D/P collection basis at the counters of the Buyers Bank (See Plaintiff's Exhibit #1).

8.     As a condition of acceptance of the contract, Fremery entered into an Adjustment

Agreement #1 Rev 7 to Contract 1372197029 (See Plaintiff's Exhibit #2), whereby Section

XXIII incurred a legal processing fee in the amount of $25,000 USD to be paid by an investor

that is assuming the fiduciary responsibility of the contract, and that such investor was to be paid

by Fremery a percentage of the profits earned by Fremery.

9.     On or about December 21, 2013, Defendant 1st Funding Solutions, placed into the

accounts of third-party escrow attorney Ray Blackburn, (hereafter "Escrow Attorney") having

offices in Hampstead North Carolina, the sum of $25,000 USD defined in Adjustment

Agreement #1 Rev 7 to Contract 1372197029, assuming the fiduciary responsibility as the investor in the Contract.

10.     On or about December 23, 2013, Managing Member, Charles Kelchner, sent authorization to the Escrow Attorney to release funds from escrow to the Plaintiff in the amount of $25,000 USD (See Plaintiff's Exhibit #3), thereby completing said "binder", in exchange Plaintiff authorized release of documents to First Citizens Bank in Raleigh, North Carolina to perfect the URC522 D/P collection against the Buyers Bank.

11.     On or about January 2, 2014, Plaintiff received an email from Fremery seeking additional information on the shipping documents and included as part of Fremery's email the shipping documents sent to Defendant Bank of Communications by First Citizens Bank (See Plaintiff's Exhibit #4) that was given them by Defendant Bank of Communications. The Plaintiff immediately called both the Escrow Attorney and First Citizens Bank as payment and or notice of receipt of funds from the Buyers Bank was not received by the Plaintiff to release the security holds in place on the shipping documents, and having confirmed that no funds had been sent from the Buyers Bank, an immediate review was conducted of how Fremery had in their possession the shipping documents without payment.

12.     The review of the shipping documents provided by Fremery clearly show the Buyers Bank facsimile header along with an INWARD COLLECTION ADVICE issued by Buyers Bank which is also on each of the shipping documents in violation of the Federal Bill of Lading Act 49 U.S.C.§§80101-80116. This Inward Collection Advice clearly indicates that the collection is documents against payment, however, the Buyer Bank released the shipping documents without payment and proceeded to perform a Documents against Acceptance

("URC522 D/A") collection procedure verses a URC522 D/P collection procedure using the facsimile copies.

13.     On or about January 3, 2014, the Plaintiff received a conference call from his Mexico operations department whereby inquiring the validity of the release of the shipping documents currently in the possession of Fremery. The Plaintiff informed Mexico how these documents were not authorized for release since payment had not been received at sight and that the security measures were still in place. Plaintiff was informed that four foreign nationals were taken into custody at the port of Manzanillo attempting to make claim on and redirect the vessel to a port of their choosing with photo copies of these shipping documents wrongfully obtained by Fremery from the Buyers Bank. The Plaintiff immediately cancelled all shipping documents pursuant to 49 U.S.C.§80108 Federal Bill of Lading Act and traded the vessel with its cargo through his exchange network to force the vessel out of the port of Manzanillo as it was possible Fremery had more than one set given, sold, promised or other such unlawful act to other parties.

14.     Over the following week, Plaintiff contacted both branches of Bank of Communications ("The Buyers Bank") who denied any release of these documents, however, the markings on the documents show that Buyers Bank had faxed these documents and that only First Citizens Bank had possession of the documents to perform the URC-522 D/P which were sent to the Buyers Bank with the only source of acquiring the documents being the Buyers Bank.

15.     On August 27, 2014, the Plaintiff received an email from Defendant Michael Mortorano on behalf of Defendant(s) 1st Funding Solutions and Charles Kelchner, seeking to effect a settlement (See Plaintiff Exhibit #5), whereby should the Escrow Attorney not pay them

funds equal to the amount they authorized released under the Fremery contract, then they would claim fraud with numerous government agencies.

16.     The Plaintiff was not aware of who the partner was of Fremery who had placed the legal processing fee because the escrow attorney was not authorized to make such disclosure, an inquiry was conducted with Michael Mortorano by telephone to collect information related to his demand for the return of $121,500 USD, and subsequently received inquiries by email from Defendant(s) 1st Funding Solutions and Michael Mortorano to "explain" the shipping documents wrongfully obtained by Fremery that was now unlawfully in the possession of Defendant(s) 1st Funding Solutions and to continue to threaten the Plaintiff with meritless fraud complaints.

## II. VENUE AND JURISDICTION

17.     Jurisdiction is invoked herein pursuant to the provisions set forth under 28 U.S.C. §1332, to hear diversity cases between parties under different sovereignties.

18.     Venue is in the Middle District of Florida.

## III. FIRST CAUSE OF ACTION

As a First Separate and distinct Cause of Action, Plaintiff complains of Defendants, and for a cause of action, alleges:

19.     The allegations of paragraphs 1 through 16 above, are re-alleged and incorporated herein by reference.

20.     Defendant, Bank of Communication, did release facsimile copies of shipping documents to Fremery in violation of Uniform Rules for Collection 522 under tenor documents against payment.

## IV. SECOND CAUSE OF ACTION

As a Second Separate and distinct Cause of Action, Plaintiff complains of Defendants, and for a cause of action, alleges:

21.     The allegations of paragraphs 1 through 16 above, are re-alleged and incorporated herein by reference.

23.     Defendant, Bank of Communication, did release facsimile copies of shipping documents to Fremery causing the immediate cancellation of the shipping documents pursuant to 49 U.S.C.§80108 Federal Bill of Lading Act.

### V. THIRD CAUSE OF ACTION

As a Third Separate and distinct Cause of Action, Plaintiff complains of Defendants, and for a cause of action, alleges:

24.     The allegations of paragraphs 1 through 16 above are re-alleged and incorporated herein by reference.

25.     Defendant, Bank of Communications, did not release funds at sight in violation of Uniform Rules for Collection 522 under tenor documents against payment.

### VI. FORTH CAUSE OF ACTION

As a Forth Separate and distinct Cause of Action, Plaintiff complains of Defendants, and for a cause of action, alleges:

26      The allegations of paragraphs 1 through 16 above are re-alleged and incorporated herein by reference.

27.     Defendant, Bank of Communication, by its actions directly or indirectly cause the termination of the contract between Fremery Holdings LLC and Plaintiff through the unlawful release of secured shipping documents.

### VII. FIFTH CAUSE OF ACTION

As a Fifth Separate and distinct Cause of Action, Plaintiff complains of Defendants, and for a cause of action, alleges:

28.     The allegations of paragraphs 1 through 16 above are re-alleged and incorporated herein by reference.

29.     Defendant(s) 1st Funding Solutions LLC, Michael Mortorano, and Charles Kelchner have unlawfully obtained shipping documents that were never paid for.

## VIII. SIXTH CAUSE OF ACTION

As a Sixth Separate and distinct Cause of Action, Plaintiff complains of Defendants, and for a cause of action, alleges:

30.     The allegations of paragraphs 1 through 16 above are re-alleged and incorporated herein by reference.

31.     Defendant(s) 1st Funding Solutions LLC, Michael Mortorano, and Charles Kelchner have attempted to extort funds from the Plaintiff through the use of unlawfully obtained shipping documents.

## IX. SEVENTH CAUSE OF ACTION

As a Seventh Separate and distinct Cause of Action, Plaintiff complains of Defendants, and for a cause of action, alleges:

32.     The allegations of paragraphs 1 through 16 above are re-alleged and incorporated herein by reference.

33.     Defendant(s) 1st Funding Solutions LLC, Michael Mortorano, and Charles Kelchner have failed to make payment under a URC 522 D/P collection after assuming fiduciary responsibility for the contract entered into between Fremery Holdings LLC and the Plaintiff.

## X. SUMMARY

34.      The Defendant(s) bank willfully violated a URC 522 D/P collection by the release

of secured shipping documents without payment to the Plaintiff, resulting in their immediate

cancellation thereby inducing a breach of the contract between the parties. The Defendant(s) 1st

Funding Solutions, Michael Mortorano, and Charles Kelchner has failed to meet their fiduciary

obligations assumed in the Fremery/Miller contract. The Defendant(s) have since used those

unlawfully obtained cancelled shipping documents in an attempt to extort a refund of the non-

refundable legal processing fee.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff Miller, hereby prays from this honorable court, that:

1.      This court awards the Plaintiff from Defendant Bank of Communication, compensatory, tremble and punitive damages for inducing a breach of contract by its unlawful release of secured shipping documents and their cancellation under Federal Law,

2.      This court awards the Plaintiff from Defendant Bank of Communication, the amount due under the URC 522 D/P, plus tremble and punitive damages for failure to pay 100 % at sight,

3.      This court awards the Plaintiff compensatory, tremble and punitive damages for failure of Defendant(s) 1st Funding Solutions, Michael Mortorano, and Charles Kelchner to meet their fiduciary responsibilities under the contract,

4.      This court award the Plaintiff compensatory, tremble and punitive damage from Defendant(s) 1st Funding Solutions, Michael Mortorano, and Charles Kelchner for the attempted extortion.

5.      Award the Plaintiff legal costs, fees and other such expenses,

6.      Award the Plaintiff any and all other relief, as deemed appropriate and just.

DATED THIS 2nd Day of September, 2014

Samuel William Miller
Plaintiff Pro Se
273 Cedar Run Drive
Orange Park, FL 32003
Voice: 904-688-0192
Email: sam@samuelwmiller.com